UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEVIN SPELLS,

               Plaintiff,

-against-

BARACK H. OBAMA,

               Defendant.
----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
12 CV 3046 (ENV)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 10 2012 ★
BROOKLYN OFFICE

VITALIANO, United States District Judge:

On June 14, 2012, plaintiff Kevin Spells filed this *pro se* action seeking damages from President Obama.[1] Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. The complaint is dismissed as set forth below.

## Standard of Review

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

---

[1] This is plaintiff's fifth action in this district, each of which has been dismissed. See Spells v. City of New York, No. 06 CV 3448 (ENV); Spells v. City of New York, No. 07 CV 5038 (ENV); Spells v. Vitaliano, No. 09 CV 1589 (RRM) and Spells v. Mauskopf, No. 09 CV 1942 (DLI).



Discussion

The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Plaintiff alleges that

> on or around March 12, 2012, to June 13, 2012, either in, at, or around the oval office of the White House at, 1600 Pennsylvania Avenue, Washington, DC, 20500, President Barack H. Obama (herein now know as Mr. Obama) unjustly discriminated with acts well beyond his presidential capacity, done in total omission and failure in "bad faith." *** By refusing to "overturn two unconstitutional final orders from the Supreme Court of the United States" with the petitioner named in that matter, as being the present plaintiff, who had (illogically) never went to trial before within that same (U.S. Supreme Court) matter. Compl. at ¶ 3, p.2-3.

Plaintiff also attaches, *inter alia*, an FBI complaint form, several letters providing President Obama notice of plaintiff's intent to sue, and copies of orders from the Supreme Court denying plaintiff's petitions for *certiorari*. Compl., Exhibits A-E1. It appears that plaintiff seeks damages from President Obama for failing to "overturn" Supreme Court decisions denying plaintiff's applications for *certiorari*. Construing plaintiff's complaint as raising the strongest arguments it suggests, the Court finds that plaintiff's allegations are irrational and that there are no legal theories on which he may rely.[2] Livingston, 141 F.3d at 437 (observing that dismissal is proper where allegations are "product of delusion or fantasy" (internal quotation marks omitted)).

As this is plaintiff's fifth action filed in this district, including two in which he sued federal judges for acts performed in their judicial capacities, he is warned that if he continues to file similar

---

[2] Even if plaintiff's claims were not frivolous, the complaint would still fail because President Obama has absolute immunity for civil damage actions arising out of the execution of his duties. See Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982).

2

complaints, an order may issue enjoining him from filing such actions without first obtaining leave to file. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (internal quotations and citations omitted)); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court declines to allow plaintiff an opportunity to amend as there is no reason to think a valid claim might be stated. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 26, 2012

ERIC N. VITALIANO
United States District Judge